ANA MARÍA LÓPEZ RIVERA, assisted by her husband, BERNARDO RIVERA FERRER ET AL., Plaintiffs and Appellees, v. PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Appellant.

No. R-63-56.        Decided November 14, 1963.

*José Antonio Arabía* and *Ismael Toro Rosario* for appellant. *Arístides Blanco Colón* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On March 29, 1963, this Division of the Court issued a writ to review the judgment rendered in this case by the Guayama Part of the Superior Court sustaining a claim for damages. The original record having been sent up after the appeal was perfected, the following facts arose:

The trial court rendered judgment on August 24, 1962, and in the notice thereof to the parties the clerk set forth that the notice of the judgment was filed in the record on that date, August 24, 1962. Appellant filed a motion for reconsideration which appears to have been filed in the trial court on September 13, 1962.

Rule 47 of the Rules of Civil Procedure of 1958 provides that the party aggrieved by the judgment . . . may, within 15 days *"after the filing of copy of the notice of judgment,"* file a motion for reconsideration of the judgment. According to the record, copy of the notice of the judgment was filed in the record on August 24, 1962. The term of 15 days expired on the following September 8. Since the following September 8 was Saturday, appellant could file its motion the next Monday, September 10. The text of the motion for reconsideration is dated September 11 and on the same date notice was served on the adverse party. The stamp of the court shows that that motion, as already stated, was filed on September 13.

On September 14 the trial court entered an order setting a hearing to consider the said motion. Other procedures were had in connection therewith, and finally the court entered an order on February 1, 1963, denying reconsideration of the judgment. Notice of this order was served on February 8,

1963. The petition for review was filed in this Court on the following March 4, within 30 days.

The Code of Civil Procedure was silent on motions for reconsideration of judgments rendered by courts of first instance. In 1937 the Legislature enacted Act No. 67 of May 8 of that year (Sess. Laws, p. 190), which amended § 292 of the Code of Civil Procedure, 1933 ed., in order to provide that a judgment or order in a civil action, except when expressly made definite and final, could be reviewed as provided in Act No. 67 *supra* and not otherwise; and that any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of 15 days from the date of the filing in the case of a copy of the notification of the judgment, . . . file in the court where the judgment . . . was rendered an *ex parte* petition for the review or reconsideration of its judgment, stating therein the facts and the fundamentals of law on which the application is based. If the court decided to reconsider its judgment or to hear the parties on the motion for reconsideration, the term for appealing would be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered.

The Rules of Civil Procedure of 1943 contained no provision on the reconsideration of a judgment and term for appealing, wherefore Act No. 67 of 1937 which amended § 292 remained in force until the Rules of Civil Procedure of 1958 went into effect. *Cf. Gual* v. *District Court*, 71 P.R.R. 283 (1950) ; *Pérez* v. *Fernández*, 72 P.R.R. 247, 252 (1951). Section 292 was repealed by these Rules—Rule 72. The Federal Rules of Civil Procedure do not contain provisions similar to those of Act No. 67 nor to those of Rule 47 of 1958.

■ We held that the term of 15 days was unextendible and that a motion for reconsideration filed after the expiration of such term did not vest the court with jurisdiction

for any subsequent proceeding in that sense. *Las Monjas* v. *Insular Racing Com.*, 52 P.R.R. 432, 433 and 434 (1937); *González* v. *Am. Surety Co.*, 71 P.R.R. 330 (1950). In this case we said (p. 334): ". . . in *Gual* v. *District Court, ante,* p. 283, we held that the term for filing a motion for reconsideration is governed by § 292, *supra,* and not by Rule 59 (b) of Civil Procedure; and in *Tefel* v. *Coane,* per curiam decision of January 26, 1949, we applied § 292 *and dismissed the appeal* on the ground that the motion for reconsideration of judgment was filed in the lower court after the lapse of fifteen days after filing with the record a copy of the notice, and we said: '. . . This being so, the only thing for the court to do was to declare itself instantly without jurisdiction.'" (Italics ours.) In *Las Monjas, supra,* we held (p. 433) that a motion for reconsideration untimely filed does not interrupt the term for appealing.

Rule 47 does not employ the term "unextendible" used in the Act of 1937, although it employs the term *"within".* However, by the nature of the proceeding itself and the intermediate role played by the motion for reconsideration, limited to a fixed term of 30 days to appeal or seek review, and by its historical origin, such term continues to be of unextendible nature. The reason is obvious. Rule 53.1 (a) of 1958 provides that an appeal is perfected by filing a notice of appeal with the clerk of the court where the case was heard within 30 days after *"the entry of a copy of the notice of judgment."* Subdivision (b) of this Rule provides that a review is perfected by filing a petition with the Secretary of the Supreme Court within 30 days *"after the entry of a copy of the notice of judgment rendered by the Superior Court."* See subd. (d) of this Rule 53.1.

■■ Since the starting point to file a motion for reconsideration as well as to file a notice of appeal or to seek review is the same, that is, the date of entry of a copy of the notice of the judgment, if the period of 15 days to move

for reconsideration could be extended in the discretion of the judges, the fatal jurisdictional terms of 30 days fixed by law to seek review or to file a notice of appeal would be defeated. The period of 15 days provided by Rule 47 is likewise a jurisdictional term in the same manner in which we considered it under Act No. 67 of 1937 as part of § 292 of the Code of Civil Procedure.

■ In view of the foregoing, the provision of Rule 68.4 is not applicable to a case such as this, since such Rule refers to a case in which an act is required to be done within a prescribed period *"after the service of a notice or other paper,"* and according to Rule 47 on motions for reconsideration as well as according to Rule 53 on appeals and review, the starting point of the act to be done is the date of the entry of a copy of the notice of the judgment, which is proof of record. *Cf. Figueroa* v. *Superior Court,* 85 P.R.R. 77 (1962).

■■ Since the trial court lacked jurisdiction in all the proceedings had subsequent to Monday, September 10, 1962, since its order of February 1, 1963, is nonexistent in law, the period to seek review was never interrupted as of August 24, 1962, and the appeal before this Court is untimely. Although appellees have not raised the question, the courts are under the duty to be the guardians of their own jurisdiction.

Our order of March 29, 1963 issuing the writ of review will be set aside for lack of jurisdiction.